UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. LENK,<br><br>       Plaintiff,<br><br>  v.<br><br>MONOLITHIC POWER SYSTEMS, INC., et al.,<br><br>       Defendants. | Case No. 16-cv-02625-BLF<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND EXTENDING DEADLINE TO SERVE DEFENDANTS**<br><br>[Re: ECF 19] |

On November 17, 2016, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for Plaintiff Kenneth L. Lenk's failure to serve Defendants Monolithic Power Systems ("Monolithic") and Maurice Sciammas within the time required by Fed. R. Civ. P. 4. ECF 18. In response to the OSC, Lenk details his attempts to serve Defendants, and concludes that he has complied with the service requirements of Fed. R. Civ. P. 4. Pl.'s Response to OSC, ECF 19.

Although a defendant may waive service, Defendants have explicitly refused to do so. Pl.'s Response to OSC ¶ 11. Thus, Plaintiff must comply with the Federal Rules of Civil Procedure. Although Fed. R. Civ. P. 4(e) permits service in accordance with state law in the state in which the district court is located or where service is made—in this case, California—Plaintiff has mistakenly construed the service requirements.[1]

Pursuant to section 415.30 of the California Code of Civil Procedure, a Plaintiff may effectively serve an individual defendant by mailing (by first-class mail or airmail, postage prepaid) a copy of the summons and of the complaint to the person to be served, together with two copies of the notice and acknowledgement of receipt of summons form ("acknowledgement

---

[1] Plaintiff indicates that he has complied with the requirements delineated on the website of the Judicial Council of California. Pl.'s Response to OSC ¶ 24. Regardless of whether Plaintiff has indeed complied with these requirements, he has failed to comply with the statutory requirements.

form") and a return envelope, postage prepaid, addressed to the sender. Cal. Civ. Proc. Code § 415.30(a). Service of a summons sent in this manner is deemed complete on the date the written acknowledgement form is executed. *Id.* § 415.30(c). If the recipient fails to complete and return the acknowledgement form within 20 days, the Plaintiff must serve the individual in another, valid manner. *Id.* § 415.30(d). Plaintiff has not filed an executed acknowledgement form that indicates that Mr. Sciammas received the service by mail. Absent effecting another valid form of service and submitting proof to the Court, the Court cannot conclude that Plaintiff has effectively served Mr. Schimmas.

Moreover, neither California law nor the Federal Rule of Civil Procedure allow for service of a corporation by mail. *See* Fed. R. Civ. P. 4(h)(1); Cal. Civ. Proc. Code § 416.10; *Hunstock v. Estate Dev. Corp.*, 22 Cal. 2d 205 (1963) (construing "delivery" as personal service). Thus, Plaintiff has not yet effected service on Monolithic either.

Nevertheless, given that Plaintiff is proceeding pro se, the Rule 4(m) service deadline will be extended in order to afford him a second chance to properly effect service of process. The service period contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). Indeed, "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint[.]" *Mann v. Am. Airline*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Accordingly, Plaintiff shall have until **January 6, 2017** to effect service on Defendants and file executed summons. If Plaintiff does not file executed summons **on or before January 6, 2017**, the Court will dismiss the action pursuant to Fed. R. Civ. P. 41(b) without further notice. Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated: December 7, 2016

BETH LABSON FREEMAN
United States District Judge

2