UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. LENK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONOLITHIC POWER SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02625-BLF<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 28] |

On November 15, 2016, Plaintiff Kenneth Lenk filed an application for entry of default judgment against Defendants Monolithic Power Systems, Inc. ("Monolithic") and Maurice Sciammas (collectively, "Defendants"). ECF 11. The Clerk's Office declined to enter default as to both Defendants. ECF 16, 17. On November 17, 2016, this Court issued an order to show cause ("OSC") why this case should not be dismissed for Lenk's failure to serve Defendants within the time required by Federal Rule of Civil Procedure 4. ECF 18. In his timely response to the OSC, Lenk detailed his attempts to serve Defendants and stated his belief that he had complied with the service requirements of Rule 4. ECF 19. On December 7, 2016, this Court discharged the OSC and extended the deadline for Lenk to serve Defendants after finding that Plaintiff had not yet properly served Defendants. *See generally id.*

Now before the Court is Plaintiff's motion for reconsideration of this Court's declination to enter default as to Monolithic and Mr. Sciammas. *See* Mot., ECF 28. Civil Local Rule 7-9 provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). In light of his *pro se* status, the Court construes Lenk's motion as a motion for leave to file a motion for reconsideration *and* the motion for reconsideration itself. In

this order, the Court addresses only the motion for leave to file a motion for reconsideration, which it DENIES.

A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

In his motion, Lenk makes the same argument he made in his response to the OSC—that he believes he has properly served Defendants under California state law, in compliance with Federal Rule of Civil Procedure 4(e). *See generally* Mot. Specifically, Plaintiff contends that the Court was incorrect in its conclusion that he had not properly served Defendants. Plaintiff contends that the U.S. Postal Service and the Federal Rules of Civil Procedure have undergone "significant changes and improvements," in recent years, and the Federal Rules and California law allow for service by mail. However, the cases upon which Plaintiff relies are unavailing.

Citing *Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243 (1985), Lenk argues that service by mail has been accepted or even preferred in some instances. Mot. 3. That case, however, is inapplicable, as the California Supreme Court was interpreting Cal. Civ. Proc. Code § 415.40, which deals with service on persons outside of California. Here, both Defendants are located in California, and thus, neither section 415.40 nor *Johnson & Johnson* is relevant.

Plaintiff also cites *Cruz v. Favor America, Inc.*, 146 Cal. App. 4th 488 (Ct. App. 2007), arguing that it supports his contention that service by mail is sufficient. Mot. 3. However, *Cruz* states that service by mail is completed "when the return receipt is signed by a person so authorized by the defendant." 146 Cal. App. 4th at 498 (citation and internal quotation marks omitted). As previously explained, *see* ECF 22, Plaintiff has not filed an executed acknowledgement form, and thus, the Court has no evidence that Plaintiff has complied with the

1  statutory requirements.[1]  The remainder of the cases upon which Plaintiff relies are from courts
2  outside of California, and are therefore not binding upon this Court.
3        Accordingly, because Plaintiff has not shown (1) a material difference in fact or law exists
4  from that which was presented to the court (2) the emergence of new material facts or a change of
5  law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments,
6  the Court DENIES Plaintiff's request for leave to file a motion for reconsideration.  In accordance
7  with the Court's prior order, Plaintiff shall have until **February 3, 2017** to effect service on
8  Defendants and file the executed summons.  If Plaintiff cannot effect personal service on
9  Defendants within that time, and if it is appropriate, Plaintiff may file a motion for leave to file via
10 substituted service and/or a motion to extend the deadline.  If Plaintiff does not do so on or before
11 February 3, 2017, the Court will dismiss the action pursuant to Fed. R. Civ. P. 41(b) without
12 further notice. Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d
13 683, 689 (9th Cir. 2005).
14 **IT IS SO ORDERED.**

Dated: January 18, 2017

                                                          _____
                                                          BETH LABSON FREEMAN
                                                          United States District Judge

United States District Court
Northern District of California

---

[1] Plaintiff also argues that *Hunstock v. Estate Dev. Corp.*, 22 Cal. 2d 205 (1943), upon which this Court partially relied to conclude that neither California law nor the Federal Rule of Civil Procedure allow for service of a corporation by mail, is no longer good law because "[a]pproximately 78 years have pas[sed]" since the California Supreme Court issued this opinion. Mot. 2.  While the Court agrees that the Federal Rules of Civil Procedure have undergone several amendments since 1943, Plaintiff does not provide any authority to support his contention that *Hunstock* is no longer good law.