UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. LENK,<br><br>    Plaintiff,<br><br>    v.<br><br>MONOLITHIC POWER SYSTEMS, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-02625-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE AND FOR SUBSTITUTED SERVICE; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF 30] |

Plaintiff Kenneth L. Lenk brings this action against Defendants Monolithic Power Systems, Inc. ("Monolithic") and Maurice Sciammas (collectively, "Defendants") for alleged employment discrimination and retaliation. Compl., ECF 1. Pursuant to this Court's prior orders, Plaintiff has unsuccessfully attempted to serve both Defendants. *See* Mot. for Extension of Deadline & Substituted Service ("Mot."), ECF 30. Before the Court is Plaintiff's motion to serve both Defendants via alternative means. *Id.* Lenk also seeks an extension of time to serve all the unserved defendants. For the reasons stated below, the Court GRANTS Plaintiff's motion.

**I.   ALTERNATIVE MEANS OF SERVICE**

Based on the exhibits and declarations attached to Lenk's motion, Lenk has been unsuccessful in his numerous attempts to personally serve Defendants. Lenk hired Kenneth T. Smith, a licensed process server, to serve Defendants. A licensed process server working for the same company as Smith attempted to personally serve Monolithic at its San Jose address during business hours on five separate occasions. Appendix A-1 to Mot., ECF 30. The same company attempted personal service on Sciammas at his business address on the same five occasions and twice at his home address. Appendix A-2, A-3 to Mot., ECF 30.

1   Federal Rule of Civil Procedure 4(e)(1) provides the applicable authority for serving an

2   individual within a judicial district of the United States:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

To that end, Section 413.30 of the California Code of Civil Procedure states (emphasis added):

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served *in a manner which is reasonably calculated to give actual notice to the party to be served* and that proof of such service be made as prescribed by the court.

Because it appears that Defendants are attempting to evade service and because Lenk has made substantial efforts to personally serve Defendants, the Court finds that in these circumstances, service by mail would be "reasonably calculated to give actual notice" to Defendants. *See* Cal. Civ. Proc. Code § 413.30. Accordingly, the Court will allow Lenk to serve Defendants through the United States Postal Service via first-class mail (without a return receipt).[1] To effectuate service, Lenk must mail each Defendant a copy of the summons, complaint, and this order. Plaintiff must serve Monolithic at its place of business and through its agent, The Corporation Trust Company. Plaintiff must serve Sciammas at his place of business and at his residence. Plaintiff shall file an affidavit of service showing compliance with these requirements.

Because Lenk previously emailed Defendants a request to waive service and received a response from Defendants' counsel, the Court is satisfied that service by e-mail would be "reasonably calculated to give actual notice" to Defendants. *See* Pl.'s Response to Judge Freeman's Order ¶ 11, ECF 19. Accordingly, Lenk shall also serve Defendants by e-mail. *See UnitedHealth Servs., Inc. v. Meyer*, No. 12-6197, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013); *Aevoe Corp. v. Pace*, No. 11-3215, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011).

---

[1] The Court is concerned that a return receipt could be a vehicle through which service is thwarted.

## II. EXTENSION OF TIME

Lenk also requests an extension of time to serve Defendants. Fed. R. Civ. Proc. 4(m) requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). A defendant's evasion of service can be "good cause." *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985). In support of "good cause," "[a] plaintiff may also [ ] show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Even if a good cause finding is not necessary, Lenk has demonstrated good cause here. Lenk has been diligent in attempting to serve Defendants and a significant amount of time was required for Lenk to do so. The facts presented to the Court are consistent with potential evasion of service. There is no evidence that Defendants will suffer prejudice if the Court were to grant this extension because the proceeding is still at its early stage. In contrast, dismissing the claims against Defendants would prejudice Lenk.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

The motion to serve the summons and complaint on Defendants Monolithic and Sciammas by mail and e-mail is GRANTED. Defendant Monolithic shall be served at the following addresses: (1) 79 Great Oaks Blvd., San Jose, CA 95119 and (2) The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Plaintiff must mail Monolithic a copy of the summons, the complaint, and this order. Defendant Monolithic shall also be served via e-mail.

Defendant Sciammas shall be served at the following addresses: (1) 79 Great Oaks Blvd., San Jose, CA 95119 and (2) 201 Forrester Rd., Los Gatos, CA 95032. Plaintiff must mail Sciammas a copy of the summons, the complaint, and this order. Sciammas shall also be served via e-mail.

The Court also GRANTS Lenk a 30-day extension to serve Defendants. Plaintiff shall

have until March 10, 2017, to effect service on Defendants and file proof of service.  If Plaintiff does not do so on or before February 3, 2017, the Court will dismiss the action pursuant to Fed. R. Civ. P. 41(b) without further notice.  Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

Finally, the Court CONTINUES the case management conference scheduled for February 23, 2017, to May 4, 2017, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: February 7, 2017

_____
BETH LABSON FREEMAN
United States District Judge

4