United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. LENK,<br>　　　　Plaintiff,<br>　　v.<br>MONOLITHIC POWER SYSTEMS, INC., MAURICE SCIAMMAS,<br>　　　　Defendants. | Case No.16-cv-02625-BLF (NC)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

Plaintiff Kenneth Lenk sues his former employer, Monolithic Power Systems, Inc. ("MPS") and former supervisor, Maurice Sciammas, for discrimination and wrongful termination. Last year, the undersigned dismissed Lenk's prior complaint against MPS, 15-cv-1148 NC. A month before that dismissal, Lenk received an EEOC right to sue letter, which is the basis for the current lawsuit. Now, MPS moves to dismiss the current lawsuit, arguing that res judicata applies, so the case should be dismissed.

Although the parties did not consent to a magistrate judge in this case, the assigned district court judge referred the motion to dismiss to me to write a report and recommendation. Fed. R. Civ. P. 72(b). Because I find that the cases are from the same nucleus of fact, and I previously dismissed the complaint with prejudice, I RECOMMEND dismissal of the complaint.

Case No. 16-cv-02625 BLF (NC)

## I. BACKGROUND

### A. Prior Lawsuit, 15-cv-1148

Lenk sued MPS on March 11, 2015, for wrongful constructive termination of his employment, seeking damages including for an alleged unpaid bonus. Case No. 15-cv-1148 NC at Dkt. No. 1. MPS moved to dismiss the complaint on June 15, 2015. Dkt. No. 25. On the same day, MPS filed a counterclaim, alleging that Lenk must repay the $20,000 advance signing bonus because he did not stay with MPS for the requisite two years of employment. Dkt. No. 28. On June 29, Lenk amended his complaint and moved to dismiss the counterclaim. Dkt. Nos. 35, 36. The Court denied Lenk's motion to dismiss. Dkt. No. 51. MPS moved to dismiss Lenk's first amended complaint, and the Court granted Lenk a short stay to obtain counsel and file an opposition to the motion. Dkt. Nos. 44, 51. The parties then stipulated to allow Lenk to file a second amended complaint, which he filed on August 11, 2015. Dkt. No. 54. Lenk's second amended complaint contained eleven causes of action. Dkt. No. 54.

On October 20, 2015, the Court dismissed the two federal claims under the Fair Labor Standards Act and American with Disabilities Act without leave to amend. Dkt. No. 70. The Court found that Lenk had not alleged sufficient facts to support these claims. Dkt. No. 70. In the order, the Court concluded dismissal without leave to amend was appropriate because "Here, Lenk has had three complaints, an opposition, and a hearing to proffer additional facts." Dkt. No. 70 at 8.

Because it was unclear whether diversity jurisdiction existed over the remaining state law claims, the Court ordered the parties to further brief the question of the Court's jurisdiction. Dkt. No. 70. The parties agreed that Lenk was a citizen of Arizona at the time the complaint was filed, while MPS was a citizen of Delaware and California, and the amount in controversy exceeds $75,000. The Court agreed and found that jurisdiction is proper. Dkt. No. 77. The Court then considered Lenk's nine state law causes of action and dismissed some claims, but allowed Lenk an opportunity to amend and allege facts to support his constructive discharge claims. Dkt. No. 80. MPS moved to dismiss the third

Case No. 16-cv-02625 BLF (NC)  2

amended complaint, and the Court concluded that Lenk could not pursue his claims of wrongful constructive termination because he had no facts to support his position that he was fired. Dkt. No. 87. In that order, the Court found that "Lenk's own allegations demonstrate that there was no pattern and practice of harassment at MPS sufficient to convert Lenk's resignation into an unlawful discharge. Lenk's other allegations that MPS created a hostile work environment by reducing his work and providing insufficient support are not related to his Labor Code claim." Dkt. No. 87 at 4.

The Court decided that leave to amend was not appropriate: "Lenk has filed three complaints, several oppositions to motions to dismiss, and attached voluminous additional documentation with his complaints and motions. The Court finds amendment of these claims would be futile because Lenk has no further facts that could remedy the deficiencies outlined above, and Lenk has had several opportunities to amend his complaint." Dkt. No. 87 at 5. The Court dismissed the complaint without leave to amend and entered judgment in favor of defendant on March 31, 2016. Dkt. No. 88.

### B. Current Lawsuit, 16-cv-2625

On March 2, 2016, the EEOC sent Lenk a notice of case closure and right-to-sue letter for a Title VII claim. Dkt. No. 1-1 at 13. On May 16, 2016, Lenk sued MPS and Maurice Sciammas, a Vice President of MPS and Lenk's former supervisor. Dkt. No. 1. Lenk's complaint alleges that he was subject to a hostile work environment because of racial discrimination, which led to his resignation.

MPS and Sciammas filed a motion to dismiss, arguing that res judicata and collateral estoppel bar the complaint. Dkt. No. 47. Defendants filed a counter claim against Lenk, and he moved to dismiss the counter claim. Dkt. Nos. 49, 64. The Court set a hearing on the motion to dismiss for April 19, 2017. Lenk later submitted a notice of unavailability for that date, but did not seek a stipulation or request for the hearing to be moved. Dkt. No. 63. The hearing was not held, and the Court finds the motion suitable for determination without a hearing.

/

Case No. 16-cv-02625 BLF (NC)      3

## II. DISCUSSION

Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

In order for res judicata to apply there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *W. Radio Servs. Co.*, 123 F.3d at 1192. The Court considers each element in turn.

### A. Identity of Claims

In determining whether successive claims constitute the same cause of action, the Court considers (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202. The Ninth Circuit has found that satisfaction of the fourth factor alone is sufficient to establish an identity of claims. *See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based only on analysis of the fourth factor).

The two cases can have the same transactional nucleus of facts even if the second lawsuit identifies new claims. "Newly articulated claims based on the same nucleus of

facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). If claims are related to the same set of facts and could be conveniently tried together, then there is identity of claims. *Karr*, 994 F.2d at 1429; *see also Herrera v. Countrywide KB Home Loans*, No. 11-cv-03591 LHK, 2012 WL 901340, at \*4 (N.D. Cal. Mar. 15, 2012) (finding that if plaintiff could have amended the prior complaint to allege the successive claims, then identity of claims exists).

Here, all parties acknowledge that the complaint is nearly identical factually from the prior complaints. However, the claims presented here, two federal discrimination claims, are different from those presented in the 2015 case. Lenk argues that this distinction is sufficient to overcome res judicata because he obtained the EEOC right to sue letter, so now he is pursuing the federal claims. In addition, Lenk adds Sciammas to this case.

These two changes are not sufficient to defeat the identity of claims. First, although Sciammas has been added to this lawsuit, Sciammas is not mentioned in the claims section and no relief is requested as to Sciammas. In addition, the Court considered Sciammas' role as Lenk's supervisor, and Sciammas' emails and interactions with Lenk in evaluating the prior case. Second, Lenk obtained the EEOC letter while the prior lawsuit was still pending, but made no mention of it. In addition, the EEOC claims are factually identical to the claims that the Court already considered in the prior action.

In both *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) and *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 710 (9th Cir. 2001), the Ninth Circuit concluded the subsequent employment cases that alternatively identified racial discrimination and wrongful termination because of a hostile work environment were part of the same nucleus of facts. The subsequent cases were both dismissed on res judicata grounds. The Ninth Circuit noted, "the doctrine of res judicata is not barred merely because they did not receive 'right to sue' letters from the Equal Employment Opportunity Commission ("EEOC") until after their earlier action had been dismissed with prejudice."

Case No. 16-cv-02625 BLF (NC)   5

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 710 (9th Cir. 2001)

Thus, the Court finds that there is an identity of claims.

### B.     Final Judgment on the Merits

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). The Court issued two orders on motions to dismiss and a judgment in the prior case. This element of the res judicata inquiry is satisfied.

### C.     Privity of the Parties

Finally, the Court must consider whether there is identity or privity of parties in the two actions. Privity exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002).

First, MPS and Lenk are identical parties in the two lawsuits. Second, Sciammas is named in the second lawsuit but not the first. However, the same facts regarding Sciammas were presented in the first lawsuit. Sciammas is sued in his capacity as Lenk's supervisor at MPS. Additionally, as noted above, Lenk does not seek any relief from Sciammas or identify what actions Sciammas took to violate Lenk's civil rights in the claims section of the complaint. The Court finds that there is privity, and the addition of Sciammas to this complaint does not defeat it.

Because there is an identity of claims, a final judgment on the merits, and identity or privity between parties, the Court concludes that this case is barred by res judicata.

There are additional arguments made by defendants in the motion to dismiss, but the Court does not need to reach those after concluding that res judicata bars the entirety of this action.

### D.     Leave to Amend

Generally, a Court must grant leave to amend freely. Fed. R. Civ. P. 15(a). However, in granting leave to amend, the Court considers: (1) undue delay; (2) bad faith;

Case No. 16-cv-02625 BLF (NC)               6

1  (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v.*
2  *Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984) (citing
3  *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Here, the Court finds that granting leave to amend would be futile. In the prior case, Lenk presented three complaints and over ten causes of action relating to the same nucleus of facts. The Court finds that amendment could not cure the res judicata issues outlined above, and that Lenk has had many opportunities to present a viable claim. Thus, the Court recommends granting defendants' motion without leave to amend.

### III. CONCLUSION

The Court RECOMMENDS that the district judge GRANT defendants' motion to dismiss in its entirety. These issues have been fully and fairly litigated in the prior action, 15-cv-1148 NC. Thus, the undersigned finds that they are barred by the doctrines of res judicata.

Any party may object to this recommendation within 14 days. Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated: April 20, 2017  _____
NATHANAEL M. COUSINS
United States Magistrate Judge