1
2
3 **UNITED STATES DISTRICT COURT**
4 **NORTHERN DISTRICT OF CALIFORNIA**
5 **SAN JOSE DIVISION**
6

| | |
|---|---|
| KENNETH L. LENK, <br> Plaintiff, <br> v. <br> MONOLITHIC POWER SYSTEMS, INC., et al., <br> Defendants. | Case No. 16-cv-02625-BLF <br><br> **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> [Re: ECF 47, 71] |

On May 16, 2016, Plaintiff Kenneth L. Lenk filed the instant suit against Defendants Monolithic Power Systems, Inc. ("Monolithic") and Maurice Sciammas. Compl., ECF 1. Plaintiff alleges that Defendants discriminated against him in violation of 42 U.S.C. § 1981, and retaliated against him because he opposed illegal discrimination, in violation of Title VII. *See generally id.*

On March 14, 2017, Defendants timely filed a motion to dismiss, which this Court referred to Magistrate Judge Nathanael Cousins for Report and Recommendation ("R&R"). ECF 47. On April 20, 2017, Judge Cousins issued his R&R, recommending that the Court grant Defendants' motion to dismiss in its entirety, as Lenk's claims are barred by the doctrine of res judicata. *See generally* R&R, ECF 71. Judge Cousins further recommends that the complaint should be dismissed without leave to amend because granting leave to amend would be futile—Lenk previously had three opportunities to amend his complaint in a prior case, *Lenk v. Monolithic Power Systems*, No. 15-cv-1148 (N.D. Cal. filed March 11, 2015). R&R 6–7.

The R&R was served on Plaintiff by mail on April 20, 2017. *See* ECF 71-1. Lenk timely filed an objection to the R&R on May 5, 2017. Obj., ECF 75. In his papers, Lenk raises several objections to Judge Cousins' R&R. The Court addresses each in turn below.

### A. Right to an Article III Judge Is Not Infringed

Lenk first challenges this Court's decision to refer Defendants' motion to dismiss to a magistrate judge. Lenk "insists on his [c]onstitutional [r]ights to [an Article] III [j]udge," because he has not waived his rights to a Federal District Judge. Obj. 1. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, however, the Court properly referred the matter to Judge Cousins for report and recommendation. This Court now makes "a de novo determination of those portions of the report or specified proposed findings or recommendations" to which Lenk's objections are directed. 28 U.S.C. § 636(b)(1). Thus, Lenk's right to an Article III judge has not been infringed.

### B. The Prior Court Had Subject Matter Jurisdiction Over the Present Claims

Lenk next contends that res judicata is inapplicable because the prior court lacked subject matter jurisdiction over his Title VII claims because the Equal Employment Opportunity Commission ("EEOC") had not yet issued a right to sue letter. Obj. 2. The Court construes Lenk's argument to be that because he had not yet exhausted his administrative remedies, the prior court did not have jurisdiction over his Title VII claims. While Lenk is technically correct, his argument is ultimately unpersuasive. The Ninth Circuit has made clear "Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims." *Id.* at 714–15. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 710 (9th Cir. 2001). Here, there is no indication that Lenk sought a stay for the purpose of pursuing his claim with the EEOC. Instead, the stay Lenk sought was to allow the EEOC to join his suit. *See* ECF 46, No. 15-cv-1148. That the EEOC would join his suit is speculative. Moreover, at that time, the claims asserted in Lenk's EEOC complaint did not relate to the claims before the court: In the prior action, Lenk raised claims of discrimination under the Americans with Disabilities Act ("ADA") and other disability claims, whereas the EEOC complaint involved Title VII allegations. *Compare* Compl., *Lenk v. Monolithic Power Sys., Inc.*, No. 15-cv-1148, ECF 1 (N.D. Cal. filed Mar. 11, 2015), *with* Compl. Additionally, as Judge Cousins stated in the R&R, Lenk obtained the EEOC letter while the prior lawsuit was still pending, but made no mention of it. R&R 5. Lenk admits as much in his objection to the R&R.

2

*See* Obj. 3. Accordingly, Lenk's claim that the prior court could not have heard his Title VII claim is without merit.

Lenk does not assert that the prior court lacked subject matter jurisdiction over his section 1981 claim, nor could he. Indeed, a cause of action under 42 U.S.C. § 1981 does not require exhaustion. *See Hardeman v. Amtrak/Caltrain RR*, No. C 04-3360, 2006 WL 2237787, at *2 (July 31, 2006) ("[T]he lack of exhaustion is not [a] barrier to plaintiff pursuing his . . . claim under § 1981." (citation omitted)).

### C. Claim Splitting Is Not Permissible

Relying on The Restatement (Second) of Judgments § 26(1)(b) and *Garity v. APWU*, 828 F.3d 848 (9th Cir. 2016), Lenk next argues that claims splitting is proper here. Obj. 3–4. The doctrine of claim splitting is the notion that a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 482 (1876)).

A district court retains broad discretion to control its docket and may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. *See Adams v. Cal. Dept. of Health Services,* 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To determine whether a suit is duplicative, the Ninth Circuit borrows from the test for claim preclusion. *Id.* Thus, the Court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. *Id.* at 689. The first question entails a further four-prong transaction test that asks: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "The last of

3

these criteria is the most important." *Costantini*, 681 F.2d at 1202.

Here, the parties acknowledge that the Complaint is nearly identical factually to Lenk's prior complaint. And, with the exception of Sciammas, the parties are identical to the prior action.[1] The legal bases of the claims presented here, however, are different from those presented in the earlier case. Lenk argues that Judge Cousins precluded him from amending his complaint to add his Title VII claims and there were numerous delays in receiving the right to sue letter, and as such, claim splitting is warranted here. Obj. 4. The Court disagrees. As previously discussed above, Lenk did not seek a stay to allow him to pursue his claim with the EEOC (he only sought a stay to allow the EEOC to join his suit) nor did he mention the EEOC letter he received while the prior lawsuit was still pending. R&R 5. Moreover, if Lenk had wanted to bring his claim under Title VII, he could have asked the EEOC to issue the right to sue letter in May 2014, but he did not. *See* 29 C.F.R. § 1601.28(a) (permitting parties to request a right to sue letter 180 days after the filing of a charge with the EEOC and demanding that the EEOC promptly issue such letter under the circumstances); *see also* Ex. A to Defs.' Req. J. Notice ("RJN"), ECF 48-1 (Lenk's EEOC charge filed November 6, 2013).[2]

Moreover, Lenk's reliance on *Garity* is misplaced. In *Garity*, the plaintiff brought two cases against the defendant union, the first alleging a contractual breach of the union's duty of fair representation under its collective bargaining agreement and the second alleging violations of the Americans with Disabilities Act of 1990 and Nevada state tort laws. *See* 828 F.3d at 850, 852. At the outset of the case, plaintiff filed a "Motion to Keep Cases Separated as Originally Filed," and two district judges determined that the cases should proceed as independent actions. *See id.* at 850, 852–53. The court subsequently dismissed plaintiff's first case, finding that the union did not breach its duty of fair representation. *See id.* Later, the court dismissed plaintiff's second action,

---

[1] That Sciammas was not a party to the prior action is not dispositive here because Lenk made the same allegations about Sciammas in the prior action and, in part, based his prior claims on Sciammas' conduct. *See, e.g.*, Third Am. Compl., *Lenk v. Monolithic Power Sys., Inc.*, No. 15-cv-1148, ECF 81 (N.D. Cal. filed Dec. 7, 2015)

[2] The Court may take judicial notice of the EEOC charge as the record of an administrative body. Fed. R. Evid. 201(b)(2); *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904 n.3 (N.D. Cal. 2013).

4

concluding that the claims relied upon an issue decided by the first judge. *Id.* at 850. On appeal, the Ninth Circuit addressed "whether a prima facie claim for disability discrimination against a union necessarily requires a showing that the union breached its duty of fair representation," as the second judge had ruled. *Id.* at 851. Because the Ninth Circuit held "that a prima facie disability discrimination claim against a union does not require that a plaintiff demonstrate that the union breached its duty of fair representation," it found that Garity's claims in his second case were not barred by issue preclusion. *Id.* Given the facts and procedural posture of *Garity*, it is inapposite.

### D. Claims Against Sciammas Are Barred by Res Judicata

Fourth, Lenk contends that because Sciammas is an individual who can be held liable under § 1981, and because he was not previously named as a defendant, res judicata cannot apply as to him. Obj. 4, 7. The Court disagrees. As Judge Cousins explained in his R&R, "[r]es judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." R&R 4 (citing *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Here, Lenk could have brought a claim under section 1981 against Sciammas as an individual in his prior action. In fact, Judge Cousins considered Sciammas' role as Lenk's supervisor, and Sciammas' emails and interactions with Lenk in evaluating the prior case. *Id.* at 5. Lenk's contention that he did not include certain details in the complaint to avoid disclosing his litigation strategy is unavailing because the claims are based on conduct the court previously considered. *See* Obj. 5. That Lenk suggests he also seeks to assert a claim against Sciammas under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, fairs no better because Lenk does not identify any new facts upon which this claim would be based.

### E. Applying Res Judicata Would Not Defeat Justice

Lenk next suggests that the application of res judicata here would "defeat justice." Obj. 5. Specifically, Lenk argues that "the public policy needs to defeat discrimination overrides any minor inconveniences created by the consideration of the second complaint." *Id.* Lenk's reliance on *Ross v. International Brotherhood of Electrical Workers*, 634 F.2d 453 (9th Cir. 1980), and *Moitie v. Federated Department Stores, Inc.*, 611 F.2d 1267 (9th Cir. 1980), are to no avail. The

5

Ninth Circuit's decision not to apply the doctrine of res judicata in *Ross* relied on the fact that plaintiff believed the grounds for recovery set forth in his second complaint could not have been raised in the first suit. 634 F.2d at 457. Indeed, only intervening case law made clear that plaintiff could have brought the claims together. *Id.* at 459. Thus, the facts in *Ross* are distinct from those here, where Lenk could have brought both of the federal claims asserted in the present action in his former action.

Lenk's reliance on *Moitie* is equally misplaced—on appeal, the U.S. Supreme Court rejected the "novel exception to the doctrine of res judicata" that the Ninth Circuit adopted in *Moitie*, and reversed the Ninth Circuit's ruling. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–402 (1981); *id.* at 401 ("[W]e do not see the grave injustice which would be done by the application of accepted principles of res judicata."); *id.* ("The Court of Appeals' reliance on "public policy" is similarly misplaced."). Thus, the Court cannot agree that application of res judicata here would "defeat justice."

### F. Leave to Amend Is Not Warranted

Lenk further challenge's Judge Cousins' recommendation that his claims be dismissed with prejudice. Obj. 5. Specifically, Lenk contends that the Court should grant him leave to amend to add a new defendant, HireRight Inc., and the FCRA claim against Sciammas. *Id.* In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith, or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Three of the factors—undue delay, bad faith, or dilatory motive—are not applicable here because the present determination on whether to grant leave does not stem from a motion for leave

by Plaintiffs and there is no evidence or allegation of "undue delay, bad faith or dilatory motive" over the course of this case. Undue prejudice to the opposing party also has limited application here because Defendants have not born their burden of demonstrating prejudice. *Eminence Capital*, 316 F.3d at 1052. The Court, however, finds the remaining factors—repeated failure to cure deficiencies by amendments previously allowed and futility of the amendment—dispositive.

First, as Judge Cousins thoroughly detailed, Lenk had multiple attempts to cure the deficiencies in his prior complaint. R&R 2–3. Lenk has offered no reason why any attempt to amend the Complaint here would yield a different result. Second, as previously discussed, Lenk has not identified any new facts that would support an FCRA claim against Sciammas. And, because there is no reason Lenk could not have brought his FCRA claims in the prior action, any claims would likewise be barred by res judicata. In their reply to their motion to dismiss, Defendants also contend that any FCRA claim would be untimely. Reply ISO Mot. Dismiss ("Reply") 12, ECF 68. Lenk does not contest this assertion. Third, it is not clear how Plaintiff's purported claims against HireRight relate to the claims under section 1981 and Title VII that are presently before the Court. *See* Opp'n 13, ECF 57 (stating that Lenk would amend to bring an FCRA claim against HireRight). Further, Plaintiff makes no showing that he could satisfy the relation back requirements enunciated in Fed. R. Civ. P. 15. Accordingly, leave to amend is not warranted.

### G. No Evidence of Judicial Bias

Lenk's seventh argument is that Judge Cousins "has bias against Plaintiff from his prior actions." Obj. 6. Lenk's contentions concerning Judge Cousins' alleged bias are without merit. As an initial matter, although Lenk is unhappy with the orders adverse to him, which is understandable, a judge's prior adverse ruling is not sufficient cause for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Lenk also contends that defense counsel's conduct in the prior action "created a bias against Plaintiff, at least in the viewpoint of the Honorable Nathanael M. Cousins." *Id.* While the Court takes no opinion on defense counsel's conduct, it cannot find that defense counsel's allegedly unethical conduct biased Judge Cousins. Indeed, Lenk does not point to any conduct on the part of Judge Cousins that suggests bias. The only

1  specific conduct he cites is that Judge Cousins did not sufficiently consider his arguments in
2  deciding the R&R.  However, contrary to Lenk's suggestion, even if Judge Cousins did make an
3  erroneous ruling in this case, it would not be enough to show bias.  *Cintron v. Union Pac. R.R.*
4  *Co.*, 813 F.2d 917, 921 (9th Cir. 1987).  In sum, a reasonable, well-informed observer would not
5  reasonably question Judge Cousin's impartiality, and thus, there is no basis for recusal.

### H. Defendants' Prior Arguments Are Not Contradictory

Lenk's final contention is that MPS previously acknowledged that his Title VII claim has nothing to do with the prior action.  Obj. 6–7.  Without providing any context, Lenk cites a statement MPS made in its opposition to Lenk's motion to stay the proceedings in the prior action: "Plaintiff's government complaints have nothing to do with this action." *Id.* at 6. (citing No. 15-cv-1148, ECF 50).  Reviewing MPS' submission, the Court finds the statement does not contradict with MPS' current position.  Later in the brief, MPS explained that the issues raised by the EEOC complaint, one of the groups upon which Lenk sought a stay of the proceedings, were not relevant to the prior action because "[t]he EEOC complaint involves Title VII allegations, not the ADA and disability claims Plaintiff raises in the FAC."  Opp'n to Mot. to Stay 6, *Lenk v. Monolithic Power Sys., Inc.*, No. 15-cv-1148, ECF 50 (N.D. Cal. filed July 28, 2015).  Given that Lenk now seeks relief under Title VII, the Court cannot agree that its prior statements "border[ ] on fraudulent representation."  *See* Obj. 7.

### I. Order

For the foregoing reasons, Plaintiff's objections to the R&R are OVERRULED.  Finding Judge Cousins' R&R thoughtful, well reasoned, and correct, the Court ADOPTS it in every respect.  The Court thus GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: May 8, 2017

_____
BETH LABSON FREEMAN
United States District Judge

8