# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. LENK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MONOLITHIC POWER SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02625-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT** |

　　　　Plaintiff Kenneth L. Lenk ("Plaintiff") brought this action against Defendants Monolithic Power Systems, Inc. ("Monolithic") and Maurice Sciammas (collectively, "Defendants") for alleged employment discrimination and retaliation. Compl., ECF 1.[1] Plaintiff initially sued Defendants in a separate case before Magistrate Judge Cousins, Case No. 15-cv-01148 (N.D. Cal. Filed March 11, 2015). After providing Plaintiff with the opportunity to amend various claims in his complaint, Judge Cousins eventually granted Defendants' motion to dismiss the Third Amended Complaint with prejudice and entered judgment for Defendants on March 31, 2016.

　　　　Plaintiff then filed the instant action against Defendants on May 16, 2016. ECF 1. Defendants moved to dismiss Plaintiff's complaint, ECF 47, and the Court adopted Judge Cousins' Report and Recommendation Granting Defendants' Motion to Dismiss on the grounds of

---

[1] The relevant facts of this case are detailed in this Court's order adopting Magistrate Judge Cousins' Report and Recommendation Granting Defendants' Motion to Dismiss. ECF 76.

res judicata. ECF 76. This Court entered judgment against Plaintiff and in favor of Defendants in this case on July 14, 2017. ECF 84.

Plaintiff has now filed two motions for relief from judgment in this case pursuant to Federal Rule of Civil Procedure 60. *See* ECF 89 (Motion for Relief from Judgment pursuant to Rule 60(b)(3)); ECF 99 (Motion for Relief from Judgment pursuant to Rule 60(a)). Defendants opposed each motion. *See* ECF 102; 106. On August 14, 2017, Plaintiff filed his first motion for relief from judgment pursuant to Rule 60(b)(3). ECF 89. Also on August 14, 2017, Plaintiff filed a notice of appeal to the Court of Appeals for the Ninth Circuit. ECF 92.[2] *Id.* A few days later, on August 22, 2017, Plaintiff filed a motion for relief from judgment pursuant to Rule 60(a). For the reasons stated herein, Plaintiff's Rule 60 motions for relief are DENIED.

## I. RULE 60(A) MOTION

The Court first addresses Plaintiff's motion for relief from judgment pursuant to Rule 60(a). ECF 99. Defendants filed an opposition. ECF 106. Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." After "an appeal has been docketed in the appellate court and while it is pending," however, "such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). Plaintiff has filed an appeal in this case, ECF 92, but has not requested leave from the Ninth Circuit to allow this Court to correct any clerical error. However, this Court finds that Plaintiff has not identified any mistake in the record to correct. For the reasons that follow, Plaintiff's motion for relief under Rule 60(a) is DENIED.

Rule 60(a) may be properly invoked "to make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co., Inc. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (citing *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1236–37 (9th Cir. 1979)). The "touchstone" of Rule 60(a) "is fidelity to the intent behind the original judgment." *Garamendi v.*

---

[2] In his notice of appeal, Plaintiff states that "[t]his notice is subsequent to Plaintiff's Motion(s) for Relief from Judgment under FRCP 60; it may be withdrawn if Plaintiff obtains relief via the FRCP 60 Motion(s)."

2

1 *Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012). The Ninth Circuit has thus "consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *Id.* at 1077. This includes "clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Id.* at 1079. Whether to grant a Rule 60(a) motion is a matter within the discretion of a district court. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing *Garamendi*, 683 F.3d at 1077).

Plaintiff argues that a "clerical" error exists in this case because he was entitled to entry of default against Defendants. This is not so. Plaintiff applied for entry of default against Defendants on November 15, 2016, representing that Defendants were served pursuant to Federal Rule of Civil Procedure 4 and failed to timely respond. ECF 11. The Clerk originally entered default against Defendants on November 16, 2016. *See* ECF 12, 13. However, that same day, the Clerk corrected the entry and declined to enter default against Defendants. *See* ECF 16, 17. As the Court clearly explained, Plaintiff's initial service was defective under Rule 4(m). *See* Order to Show Cause, ECF 18. The Court explained "there is no indication on the docket that Defendants have been properly served with process. Fed. R. Civ. P. 4(m) requires defendants to be served within 90 days after the complaint is filed, and Rule 4 does not generally provide for service by mail. *Cf.* Proof of Service, ECF 9 (service by USPS First Class Mail)." *Id*. Plaintiff never moved for default judgment from the Court, nor would such a motion have been granted because service was improper.

The Court has heard Plaintiff's arguments before. In the instant motion, Plaintiff repeats the arguments from his response to the OSC and his motion for reconsideration of the Clerk's declination to enter default filed earlier in this case—that he believes he properly served Defendants under California state law, in compliance with Federal Rule of Civil Procedure 4(e). *See* ECF 19, 27. He now attempts to fit this argument into a Rule 60(a) motion. This argument fails. This Court need not repeat its reasons for ruling that the initial service was ineffective, because the Court in fact intended to decline entry of default against Defendants. *Garamendi v.*

3

*Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012) (holding that the "touchstone" of Rule 60(a) "is fidelity to the intent behind the original judgment.") The Court explicitly instructed Plaintiff to effect personal service on Defendants, or to file a motion for leave to file via substituted service. ECF 29. The Court then granted Plaintiff's motion to serve Defendants by mail and e-mail. ECF 39. When Plaintiff completed service, Defendants timely appeared and the case proceeded to judgment. Rule 60(a) is simply inapplicable here, where the Court actually intended each decision that it made with regard to service of Defendants.

Plaintiff also moves for relief from judgment on the ground that the Court "made an oversight" in its ruling on res judicata because the Court failed to consider Plaintiff's request for a stay in the prior action before Judge Cousins. As Defendants point out, the Court considered and rejected this issue in its adoption of Judge Cousins' Report and Recommendation. *See* ECF 76, 2:14-28, 4:7-15. Plaintiff's characterization of the Court's determination as an "oversight" does not bring it within the ambit of a clerical mistake under Rule 60(a). Even if the Court had failed to consider the issue, which it did not, 60(a) would still be inappropriate. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 2438645, at *2 (N.D. Cal. June 6, 2017) ("Overlooking evidence in the record, however, is not the type of oversight contemplated by Rule 60(a).")

In addition to the reasons articulated above, the ruling here is simple: the Court intended to say everything that it said in this case. Therefore, 60(a) does not apply and Plaintiff's request for relief is DENIED.

**II. RULE 60(B)(3) MOTION**

The Court now turns to Plaintiff's motion for relief pursuant to Rule 60(b)(3). ECF 89. At the outset, Defendants argue that the Court does not have jurisdiction to rule on Plaintiff's Rule 60(b) motion because Plaintiff has appealed the judgment in this case to the Ninth Circuit. The Court first addresses Defendants' jurisdictional argument.

As a general rule, the filing of a notice of appeal transfers to the appellate court jurisdiction over the matters appealed, and the district court is divested of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103

4

S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.") (citing *Griggs,* 459 U.S. at 58); *see also Hobson v. Safeway*, *Inc.,* 551 F. App'x 331, 331 (9th Cir. 2013) (holding that district court properly determined that it lacked jurisdiction to consider plaintiff's motion for leave to amend complaint because plaintiff filed that motion after filing a notice of appeal); *Bryant v. Crum & Forster Specialty Ins. Co.,* 502 F. App'x 670, 671 (9th Cir.2012) (the filing of a notice of appeal divested the district court of jurisdiction to entertain a later-filed motion to intervene).

There is an exception to the general rule that allows the district court to amend a judgment in certain circumstances, even when a notice of appeal has already been filed. Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that for specified motions, a notice of appeal is not effective until the district court has disposed of those specified motions. Fed. R. App. P. 4(a)(4)(B)(i). In such situations where the notice of appeal has not yet taken effect, the district court retains jurisdiction to rule on the merits of the motion. The Court must consider whether Plaintiff's motion in this case falls within Rule 4(a)(4), which provides in pertinent part as follows:

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

5

      (iv)    to alter or amend the judgment under Rule 59;

      (v)    for a new trial under Rule 59; or

      **(vi)    for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.**

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(A) and (B) (emphasis added).

In order to get the benefit of Rule 4(a)(4)(A) and (B), the Rule 60 motion must have been filed "no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063–64 (9th Cir. 2002) ("Under these provisions, a notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(b) motions filed no later than [28] days after judgment is entered.")[3] Although Plaintiff's motion for relief in this case was filed within a "reasonable time," as required by Federal Rule of Civil Procedure 60(c)(1), the motion was in fact filed *more than* 28 days after the judgment was entered. Judgment was entered in this case on July 14, 2017. ECF 84. Thus, the 28-day period under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) expired on August 11, 2017. Plaintiff filed his motion for relief under Rule 60(b) on August 14, 2017. Therefore, the Rule 60 motion was not filed within the 28-day time period required in order for Federal Rule of Appellate Procedure 4(a)(4) to be applicable. In these circumstances, the notice of appeal is not suspended to allow this Court to dispose of the post-judgment motion. Rather, Plaintiff's filing of a notice of appeal confers jurisdiction in the court of appeals and divests this Court of jurisdiction over those aspects of the case involved in the appeal. *See Griggs,* 459 U.S. at 58.[4]

---

[3] The Ninth Circuit issued its decision in *Miller v. Marriott Int'l, Inc.* under a previous version of Federal Rule of Appellate Procedure 4(a)(4)(A) that included a 10-day time limit to file a Rule 60(b) motion. The language was subsequently amended in 2009 to change the time limit to file a Rule 60(b) motion to 28 days in order to match revisions to time limits in the Federal Rules of Civil Procedure 50(b), 52(b), and 59.

[4] The same result would occur if the Court construed Plaintiff's motion as a motion to alter or amend judgment under Rule 59(e), which is subject to a 28-day time limit.

The Court acknowledges that under Federal Rule of Civil Procedure 62.1(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

In determining the appropriate course of action in this case, the Court notes that once a notice of appeal is filed and divests the district court of jurisdiction, the district court may still consider a Rule 60(b) motion if the movant follows a certain procedure. *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). That procedure is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court [the Ninth Circuit], if appropriate, for remand of the case." *Id.* (internal quotation marks and citations omitted); *see also Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Defenders of Wildlife v. Bernal,* 204 F.3d 920, 930 (9th Cir.2000) (holding that a district court order declining to entertain or grant a Rule 60(b) motion is not a final determination on the merits); *Scott v. Younger,* 739 F.2d 1464, 1466 (9th Cir.1984) (holding that the district court's denial of a request to entertain a Rule 60(b) motion is interlocutory and not appealable and that if the court is inclined to grant the motion, the movant first should request limited remand from the appellate court).

Plaintiff did not invoke the above procedure in this case. However, given that he is a *pro se* litigant, the Court shall consider this motion as if Plaintiff had made such a request for the Court to entertain the motion. The Court has reviewed Plaintiff's arguments in his Rule 60(b) motion and the evidence in his supporting declaration and exhibits. For the reasons that follow, the motion for relief is DENIED.

Under Rule 60(b), a court can grant reconsideration "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F. 2d 1338, 1341 (9th Cir. 1981); *Beckway*

1    *v. DeShong*, 2012 WL 1355744 *2 (N.D. Cal. 2012).

Plaintiff specifically moves for relief on ground (3). Plaintiff contends that Defendants have engaged in various forms of fraud and misconduct. ECF 89. Specifically, Plaintiff argues that Defendants engaged in fraud related to their request for attorneys' fees. Plaintiff also takes issue with Defendants' refusal to waive service of the complaint, and argues that these "delay tactics" constituted "fraud on the Court." ECF 89. Plaintiff also argues that Defendants engaged in "wire fraud" prior to the initiation of this litigation by fraudulently inducing Plaintiff to enter into an employment agreement. Plaintiff also raises alleged violations of the Fair Credit Reporting Act (FCRA) as a purported basis for Defendants' alleged fraud. Plaintiff requests relief from judgment in this case from the Court, and requests to amend the complaint to include a claim for fraud in the inducement of the employment contract. *Id*.

In order to prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir.2000). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union,* 952 F.2d 1144, 1148 (9th Cir.1991). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (quotation marks and citation omitted). District courts have wide discretion in making this determination. *See id.*

The Court finds that Plaintiff fails to demonstrate entitlement to relief under Rule 60(b)(3). The majority of Plaintiff's arguments are an attempt to relitigate (or litigate for the first time, via amendment) the merits of this case, which the Court dismissed on grounds of res judicata. *See* ECF 76. A motion for relief from judgment is not an appeal or an otherwise proper vehicle to relitigate the underlying claims at issue. Rather, it is a way to obtain relief if the litigant can convincingly show that judgment was unfairly obtained by the opposing party's fraud or misconduct. Because "the merits of a case are not before the court on a Rule 60(b) motion,"

8

1  Plaintiff's arguments related to alleged fraudulent inducement of the employment contract and

2  FCRA claims must fail. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260–61 (9th Cir. 2004).

3  Plaintiff's argument regarding Defendants' alleged fraud in relation to their request for
4  attorneys' fees is also misplaced. Defendants' counsel initially told Plaintiff that they had incurred
5  upwards of $85,000 in fees in an attempt to meet and confer prior to filing a motion for fees and
6  costs. ECF 102. Plaintiff argues that because Defendants ultimately sought significantly less than
7  $85,000 in their actual motion for attorneys' fees, the $85,000 amount is a "blatant
8  misrepresentation and is extortion." ECF 89. Plaintiff also argues that this conduct constitutes
9  federal wire fraud, as well as a violation of the California Penal Code. The Court rejects this
10  argument in its entirety. First, Defendants' discussion of attorneys' fees and motion came *after* its
11  motion to dismiss was granted on the ground of res judicata. Their representations therefore
12  cannot form the basis for an argument that judgment in Defendants' favor was "fraudulently
13  obtained" under Rule 60(b)(3). In any event, there is nothing fraudulent about lowering a request
14  for attorneys' fees below the amount actually incurred.

15  The Court also finds that there was no "fraud on the Court" from Defendants' refusal to
16  waive service in this action. Contrary to Plaintiff's assertions, Defendants were entitled to waive
17  service of the complaint. Moreover, the Court addressed any prejudice caused by the Defendants'
18  alleged avoidance of service by granting Plaintiff's request to serve each Defendant by substitute
19  service and repeatedly extending time for Plaintiff to effect valid service. *See* ECF 22, 26, 31.
20  Ultimately, Defendants appeared in the action and moved to dismiss the complaint, which Plaintiff
21  opposed. *See* ECF 47, 57. These circumstances are not grounds for relief pursuant to Rule
22  60(b)(3), particularly when Plaintiff sought and obtained a remedy from the Court during the
23  litigation prior to entry of judgment.[5]

24  For the foregoing reasons, Plaintiff has failed to "clearly and convincingly" demonstrate

---

[5] Plaintiff further argues that Defendants' failure to waive service resulted in his inability to seek relief from judgment in the prior action before Judge Cousins under Rule 60(b)(2). The Court rejects this argument, as it has no bearing on whether the judgment in *this* action was fraudulently obtained. Moreover, the Court is without authority to alter the judgment in the prior action, and any motion for relief in that action is time-barred. *See* Fed. R. Civ. P. 60(c)(1).

9

that the conduct he complains of resulted in Defendants' fraudulently obtaining judgment in this case. Plaintiff's motion for relief pursuant to Rule 60(b)(3) is hereby DENIED. *See* Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may…deny the motion.")

### III. RULE 60(B)(6)

Plaintiff also requests, without argument, that if his motions "fail to survive," that the Court grant relief pursuant to Rule "60(6)" –which the Court interprets as a motion for relief under Rule 60(b)(6). ECF 89, 99. Rule 60(b)(6) only applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60(b). *See Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1168, n. 8 (9th Cir.2002). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro,* 531 F.3d 737, 749 (9th Cir.2008) (quotation marks omitted). Rule 60(b)(6) is a residual clause and does not apply to the arguments in Plaintiff's motion related to fraud or newly discovered evidence, since a Rule 60(b)(6) motion must be based on grounds other than those listed in the preceding clauses. *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1338 (9th Cir.1986) ("Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.' "). To the extent that Plaintiff relies on Rule 60(b)(6) on other grounds, or as an alternative to his Rule 60(a) motion, the request fails because this case does not involve "extraordinary circumstances" justifying relief. Accordingly, Plaintiff's request for relief from judgment pursuant to Rule 60(b)(6) is DENIED.

**IT IS SO ORDERED.**

Dated: September 13, 2017

BETH LABSON FREEMAN
United States District Judge