| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **NORTHERN DISTRICT OF CALIFORNIA** |
| 3 | **SAN JOSE DIVISION** |

KENNETH L. LENK,

    Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC., et al.,

    Defendants.

Case No. 16-cv-02625-BLF

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER AWARDING ATTORNEYS' FEES**

Before the Court is Plaintiff Kenneth L. Lenk's ("Plaintiff") "Motion for Leave of Court and Motion for Reconsideration of Fees Order." Mot., ECF 125. Plaintiff seeks leave to file a motion for reconsideration of the Court's Order Granting in Part and Denying in Part Defendant Monolithic Power Systems, Inc.'s ("MPS") Motion for Attorneys' Fees and Costs at ECF 124 (the "Order"). Plaintiff moves for reconsideration pursuant to Civil Local Rule 7-9(b).

Under Civil Local Rule 7-9(b), a party may seek reconsideration in three circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). In addition, a party seeking leave to file a motion for reconsideration may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c). Moreover, new arguments do not justify a reconsideration of issues presented to the Court. *Trading Bay Energy Corp. v. Union Oil Co. of California*, 225 F. App'x 428, 430 (9th Cir. 2006) ("[I]t is not

appropriate for a party to raise a new argument on a motion for reconsideration.").

Plaintiff does not specify under which provision of Local Rule 7-9(b) he brings his motion. *See generally* Mot. His primary argument is that this Court lacked jurisdiction to rule on MPS' motion for attorneys' fees because Plaintiff appealed the underlying Judgment in this case to the Ninth Circuit. *Id*. at 3. For the reasons that follow, the Court finds that Plaintiff's arguments are unavailing, and he has not shown any of the required circumstances to warrant leave to file a motion for reconsideration under Civil Local Rule 7-9.

On July 14, 2017, this Court entered Judgment in favor of Defendants MPS and Maurice Sciammas and against Plaintiff Kenneth Lenk. *See* ECF 84. Plaintiff appealed that Judgment to the Ninth Circuit on August 14, 2017, ECF 92, and proceeded to file three motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60 in this Court. Upon motion by MPS, this Court granted reasonable attorneys' fees and costs to MPS in connection with its defense of the Rule 60 motions on the grounds that Plaintiff's post-judgment motions were "frivolous, unreasonable, and groundless." *See generally* Order. Plaintiff argues that because the Ninth Circuit denied his motion to stay proceedings pending appeal on the underlying Judgment, this Court was divested of jurisdiction to rule on MPS' fees motion. *See* Mot. at 3 (requesting the Court to deny fees because it lacked jurisdiction to rule on the fees motion while the case was on appeal, unfairly exposing Plaintiff to "double jeopardy.")

At the outset, the Court notes that Plaintiff did not challenge this Court's jurisdiction to rule on the fees motion in Plaintiff's opposition to that motion or in any of his subsequent Rule 60 motions—all of which were briefed after Plaintiff appealed the underlying Judgment in this case to the Ninth Circuit. Of course, this Court must always ensure that it has jurisdiction to issue orders that bind the parties. Ninth Circuit law is clear that "a district court retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed." *U.S. ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc.*, 550 F.3d 764, 766 (9th Cir. 2008); *see also Boza v. U.S. Bank Nat. Ass'n*, No. LA CV12-06993 JAK, 2013 WL 5943160, at *3 (C.D. Cal. Oct. 28, 2013) (citing *Masalosalo by Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 957 (9th Cir.1983)).

Permitting the Court to award fees after an appeal on the merits has been filed is a "bright-

line rule" that courts follow because "all attorney's fees requests are collateral to the main action," which renders a "judgment on the merits…final and appealable even though a request for attorney's fees is unresolved." 550 F.3d at 766 (citing *Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.,* 733 F.2d 656, 659 (9th Cir.1984)); *see also Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200 (1988) ("[W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain."). For these reasons, the Court rejects Plaintiff's argument that the Attorneys' Fees Order is "not valid" because the Court did not have jurisdiction to Rule on MPS's motion for attorneys' fees. Plaintiff is therefore not entitled to relief on this basis.[1]

None of Plaintiffs' remaining arguments supports reconsideration under Local Rule 7-9(b). Plaintiff presents no material difference in fact or law from that which was presented to the Court before entry of the Fees Order, nor does he argue that new facts or a change of law has occurred since the Order. *See* Civ. L. R. 7-9(b)(1)-(2). Plaintiff has also not shown "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before it issued the Order. Civ. L. R. 7-9(b)(3). To the extent Plaintiff argues that the Court's decision to award fees to MPS was incorrect, he simply repeats arguments from his opposition to MPS' attorneys' fees motion which the Court already considered and rejected. Such a tactic does not warrant leave to file a motion for reconsideration, and actually violates the Local Rule's prohibition against repeating previous arguments. Civ. L.R. 7-9(c).

Finally, the Court addresses Plaintiff's assertion that both the District Judge and Magistrate Judge assigned to this case should recuse themselves due to their bias against Plaintiff. Mot. at 7-9. This Court has already addressed Plaintiff's concerns with respect to Magistrate Judge Cousins, holding that "a reasonable, well-informed observer would not reasonably question Judge Cousins' impartiality, and thus, there is no basis for recusal." *See* ECF 76. With respect to the undersigned,

---

[1] Nor could the Court grant Plaintiff's requested relief because it would necessarily mean that the Court lacks jurisdiction to rule on any matter while an appeal of the merits is pending. In fact, this renders Plaintiff's request nonsensical: his basis for reconsideration is that the Court was "divested of jurisdiction" to decide MPS's fees motion, but he also requests that the Court exercise its jurisdiction to reconsider its Order. *See* Mot. at 3.

3

Plaintiff takes issue with the Judge's spouse's previous employment at the law firm Jones Day. Plaintiff does not assert that Jones Day is a party to this action or that anyone at the firm represents any party in this action. *See generally* Mot. The Judge's spouse's association with Jones Day terminated in 2016. As such, neither this Judge nor any member of her family maintains any connection to Jones Day. Further, due to the lengthy period of time since this Judge's spouse left Jones Day and the longer period of time since any connection with MPS on entirely unrelated matters, the Court finds that a reasonable, well-informed observer would not reasonably question this Judge's impartiality and thus there is no basis for recusal.

The Court wishes to make clear, however, that should Plaintiff prevail on appeal with respect to the underlying merits of his action, then the Attorneys' Fees Order would be void because MPS would no longer be the "prevailing party." In other words, the fees imposed under the Order are not due to be paid to MPS until Plaintiff's appeal is final. If the Ninth Circuit reverses the Judgment in favor of Defendants then the attorneys' fees order becomes unenforceable.

For the foregoing reasons, Plaintiff has provided no basis for the Court to reconsider its Attorneys' Fees Order. Plaintiff's motion for leave to file a motion for reconsideration at ECF 125 is DENIED.

**IT IS SO ORDERED.**

Dated: February 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge